1165-21083 #1941111

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KENDRELL JONES AND QUINN JOSEPH**<br><br>**VERSUS**<br><br>**ABR LOGISTICS, LLC, J SERCOVICH, LLC, AND ABC INSUANCE COMPANY** | **CIVIL ACTION NO: 2:24-CV-332**<br><br>**DISTRICT JUDGE**<br>**HON. CARL J. BARBIER**<br><br>**MAGISTRATE JUDGE**<br>**HON. MICHAEL NORTH**<br><br>**SECTION: "J" (5)** |

**ABR LOGISTIC, LLC AND J. SERCOVICH, LLC'S ANSWER TO PETITION FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, come Defendants, ABR Logistics, LLC ("ABR") and J. Sercovich, LLC ("Sercovich") (together, "Defendants"), who respond to the Petition for Damages ("Petition") of Kendrell Jones and Quinn Joseph ("Plaintiffs"), as follows:

**FIRST DEFENSE**

The Petition fails to state a claim, cause, or right of action against Defendants upon which relief can be granted.

**SECOND DEFENSE**

The Petition is barred by the applicable period of prescription, statute of limitations, the doctrine of laches, and/or is otherwise time-barred.

**THIRD DEFENSE**

**AND NOW**, without waiving any of the foregoing or below-stated defenses, Defendants answers the allegations of the Petition categorically and by paragraph, denying all allegations, unless otherwise admitted below, as follows:

-2-

1.

ABR denies that it was the owner of the M/V MISS WYNTER as alleged by Plaintiffs in Paragraph 1 of the Petition. All other allegations in Paragraph 1 are admitted.

2.

Sercovich denies that it was the operator of the M/V MISS WYNTER as alleged by Plaintiffs in Paragraph 2 of the Petition. All other allegations in Paragraph 2 are admitted.

3.

The allegations in Paragraph 3 are denied as written.

4.

The allegations in Paragraph 4 are denied.

5.

The allegations in Paragraph 5 are denied for a lack of sufficient information to justify a belief therein, except to admit that the M/V MISS WYNTER was owned and operated by Defendants on October 31, 2022.

6.

The allegations in Paragraph 6 are denied as written and for a lack of sufficient information to justify a belief therein.

7.

The allegations in Paragraph 7, including all subparts, are denied.

8.

The allegations in Paragraph 8 are denied.

9.

The allegations in Paragraph 9 are denied.

10.

The allegations in Paragraph 10, including all subparts, are denied.

PRAYER FOR RELIEF

All allegations contained in Plaintiffs' Prayer for Relief are denied.

**FOURTH DEFENSE**

**AND NOW,** further answering the Petition of Plaintiffs, Defendants deny the allegations of any unnumbered and/or mis-numbered paragraphs, any allegations contained in any Jury Demand that may be contained in the Petition, any allegations contained in Plaintiffs' Prayer for Relief, and any allegations contained in the Petition which have not heretofore been addressed.

**FIFTH DEFENSE**

ABR was at all material times the operator/bareboat charterer/owner *pro hac vice* of the M/V MISS WYNTER and asserts it is entitled to limitation or exoneration of liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

**SIXTH DEFENSE**

Sercovich was at all material times the owner of the M/V MISS WYNTER and asserts it is entitled to limitation or exoneration of liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

**SEVENTH DEFENSE**

Plaintiffs' claims against Defendants are barred by the doctrine of unclean hands, equitable estoppel, and other equitable defenses.

**EIGHTH DEFENSE**

Defendants expressly deny that they are in any way at fault for any alleged damages or injuries of Plaintiffs that resulted from the accident complained of in the Petition. Defendants were not negligent.

**NINTH DEFENSE**

Defendants specifically deny that Plaintiffs were injured as alleged. However, to the extent any injuries are proven, such injuries resulted from Plaintiffs' sole fault, negligence, and/or inattention to duty; and, therefore, Plaintiffs can have or make no recovery herein.

**TENTH DEFENSE**

While denying any liability to Plaintiffs whatsoever, Defendants further aver that the damages or injuries allegedly sustained by Plaintiffs were caused, in whole or in part, by the fault, acts, negligence or omissions of a third party or parties over whom Defendants exercised no control or supervision and for whom Defendants has no responsibility or liability, such parties being solely and/or concurrently at fault or negligent; and in the event that it is determined that Plaintiffs are entitled to recover from Defendants, which is denied, Plaintiffs' recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third parties.

**ELEVENTH DEFENSE**

In further answering in the alternative, as a separate and distinct defense, Defendants aver that if this Court should find that Plaintiffs sustained any damages or injuries, all of which are denied, and should this Court find that the accident complained of herein was caused or contributed to by the negligence of Defendants, which is also denied, the same was also caused or contributed to by the negligence, fault, assumption of the risk, and/or lack of due care on the part of Plaintiffs; and Defendants specifically plead such contributory negligence or comparative fault as a bar to this action, or alternatively in mitigation of the amount of damages legally recoverable.

**TWELFTH DEFENSE**

Defendants further aver that if Plaintiffs sustained any injuries, which are specifically denied, said injuries were caused or brought about by the ordinary normal risks incident to their

occupation, which were voluntarily assumed by Plaintiffs and for which Defendants are in no way responsible.

### THIRTEENTH DEFENSE

Plaintiffs had the last clear chance to avoid the accident complained of herein, thereby negating or diminishing any alleged liability on the part of Defendants and recovery on the part of Plaintiffs.

### FOURTEENTH DEFENSE

While denying any liability to Plaintiffs whatsoever, in the alternative, Defendants aver that the accident complained of herein and made the basis of this lawsuit and the damages allegedly sustained by Plaintiffs were neither caused nor contributed to by Defendants, but rather resulted from a fortuitous event, *force majeure*, or Act of God as that term is defined by law.

### FIFTEENTH DEFENSE

In further answering, Defendants aver that at all pertinent times they conducted their affairs in a safe and lawful manner, adhering to state and federal guidelines, laws, and regulations; industry standards, rules, and regulations; and accepted practices of the industry, both locally and nationally, and is free from fault, negligence, strict liability, or any other culpable conduct, and most certainly free from intentional or reckless disregard for the safety or well-being of Plaintiffs.

### SIXTEENTH DEFENSE

Defendants have fulfilled any and all duties owed to Plaintiffs.

### SEVENTEENTH DEFENSE

Defendants aver that Plaintiffs' damages or injuries, if any, resulted from a condition that was open and obvious.

**EIGHTEENTH DEFENSE**

Defendants further aver that if Plaintiffs sustained any damages, which is denied, said damages were caused or brought about by the ordinary normal risks incident to his employment, business, work, or to the maritime industry, or which were voluntarily assumed by Plaintiffs, and for which Defendants herein is in no way responsible.

**NINETEENTH DEFENSE**

Defendants allege and aver that any damages allegedly sustained by Plaintiffs as alleged in their Petition were caused by the negligence and/or fault of other persons and/or entities for whom Defendants herein are in no way responsible. Specifically, Defendants allege and aver that Plaintiffs or others, for whom Defendants were in no way responsible, were negligent or at fault in the follows particulars, but not limited hereto:

1. Failure to maintain a proper lookout;
2. Failure to see what should have been seen under the prevailing circumstances;
3. Failure to exercise reasonable care;
4. Failure to take proper precaution to avoid the alleged accident or incident;
5. Failure to utilize safety measures available and/or instructions to prevent the accident; and
6. Any and all acts of negligence and/or assumptions of risk which will be proven at trial.

In the event that it is determined that Plaintiffs are entitled to recover from Defendants, which is denied, Plaintiffs' recovery from Defendants should be reduced in proportion to the degree or percentage of fault of Plaintiffs or of such third parties.

**TWENTIETH DEFENSE**

Defendants aver that Plaintiffs have failed to mitigate their alleged damages and recovery herein is mitigated or defeated.

## TWENTY-FIRST DEFENSE

Defendants aver that any damages allegedly sustained by Plaintiffs were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which Defendants or any other person, party, or entity for which Defendants may be alleged to be responsible, was not responsible.

## TWENTY-SECOND DEFENSE

As Defendants have not been provided an adequate opportunity to conduct a medical investigation or investigation of damages allegedly sustained by Plaintiffs, Defendants reserves the right to seek spoliation charges, sanctions, and any other available remedies against Plaintiffs for any alleged damages, specifically including but not limited to surgeries undergone without providing reasonable advance notice to the Defendants.

## TWENTY-THIRD DEFENSE

In further answering, and as a separate and distinct defense, Defendants aver that if Plaintiffs have sustained any injury or damage, which is specifically denied, such injury or damage, including, but not limited to, any alleged medical physical and/or mental condition(s), are/were not the result of or aggravated by any accident or incidents as described in Plaintiffs' Petition or by any act or omission of Defendants, but rather pre-existed or occurred prior to, or subsequent to, the alleged accident or incident described in the Petition, thus barring or mitigating any recovery by Plaintiffs herein.

## TWENTY-FOURTH DEFENSE

In further answering, and as a separate and distinct defense, Defendants allege that if Plaintiffs have sustained any injury or illness, which is specifically denied, such injury or illness existed before the time of his alleged accident, and that he knew or should have known he was

physically unfit and unable for the duties to which he undertook to perform, all of which were not made known to Defendants and for which Defendants are not responsible.

### TWENTY-FIFTH DEFENSE

In further answering, and as a separate and distinct defense, Defendants aver that the premises whereupon Plaintiffs were working was reasonably safe and fit for the work that Plaintiffs were performing at the time of their alleged incident. As such, Plaintiffs have no claim for premises liability or any alleged failure of Defendants to uncover any allegedly unsafe condition.

### TWENTY-SIXTH DEFENSE

Defendants plead that any negligence for which Defendants are allegedly responsible was in no way connected with the injuries or damages for which Plaintiffs seek recovery.

### TWENTY-SEVENTH DEFENSE

Defendants aver that any negligence for which it is allegedly responsible, which is denied, and any loss, damage, or injuries alleged by the Plaintiffs resulted from no fault on the part of Defendants, and/or occurred without Defendants' privity or knowledge.

### TWENTY-EIGTH DEFENSE

ABR alleges and avers that at all times it exercised reasonable care in operating the M/V MISS WYNTER in a reasonably safe manner.

### TWENTY-NINTH DEFENSE

In further answering, and as a separate and distinct defense, Defendants aver that Plaintiffs have no cause of action for unseaworthiness against Defendants. However, Defendants further aver that the M/V MISS WYNTER was at all pertinent times seaworthy and fit for the service in which it was engaged.

### THIRTIETH DEFENSE

In the alternative, subject to and without waiving the foregoing, Defendants specifically contend that Defendants had no duty to provide Plaintiffs with a seaworthy vessel. Defendants further aver that the M/V MISS WYNTER was at all pertinent times seaworthy and fit for the service in which it was engaged.

### THIRTY-FIRST DEFENSE

While at all times denying any negligence or fault, Defendants aver that any claim for punitive damages based on the alleged unseaworthiness of any vessel is barred by the Supreme Court of the United States' decision in *The Dutra Group v. Batterton*, 139 S.Ct. 2275 (2019).

### THIRTY-SECOND DEFENSE

The M/V MISS WYNTER was not engaged in a common enterprise with any other vessel during its voyage and at the time of the accident complained of herein. Accordingly, the flotilla doctrine does not apply in this case.

### THIRTY-THIRD DEFENSE

In further answering, subject to and without waiving the foregoing, Defendants aver that Plaintiffs are not entitled to a trial by jury pursuant to the provisions of 46 U.S.C. § 30104 as Plaintiffs were not employed by Defendants at the time of the accident complained of herein and the only other defendant named by Plaintiffs in the Petition are the alleged foreign insurers of Defendants.

### THIRTY-FOURTH DEFENSE

In the event it is determined that Plaintiffs have received benefits from another source, Defendants plead set-off and/or contribution.

**THIRTY-FIFTH DEFENSE**

In further answering, subject to and without waiving the foregoing, to the extent Plaintiffs have been provided medical benefits pursuant to the LHWCA prior to the trial of this matter and are found to have sustained any injury or illness, which is specifically denied, as the result of any fault of on the part of Defendants, which is also specifically denied, Defendants aver that Plaintiffs' recovery for past medical expenses is limited to what has been actually paid for those medical benefits. *See Deperrodil v. Bozovic Marine, Inc.*, 842 F.3d 352 (5th Cir. 2016).

**THIRTY-SIXTH DEFENSE**

In further answering, and as a separate and distinct defense, Defendants aver that Plaintiffs are not entitled to recover damages for past and/or future loss of wages, income, or earning capacity, which such damage are specifically denied, while Plaintiffs are incarcerated.

**THIRTY-SEVENTH DEFENSE**

Defendants reserve the right to supplement, amend, or modify its Answer as necessary or to conform to such facts as may be revealed in discovery or otherwise.

**THIRTY-EIGTH DEFENSE**

Defendants reserve the right to join any and all necessary or permissive persons and/or third-parties to this or any other related action, including, but not limited to, under Rule 19 or Rule 20 of the Federal Rules of Civil Procedure, and/or by impleader to claims of the Plaintiffs and/or as a third-party Defendants to Defendants under Rule 14 and/or 14(c) of the Federal Rules of Civil Procedure.

**JURY DEMAND**

Defendants demand a trial be jury of all issues so triable, but excluding determination of Defendants' rights to exonerate or otherwise limit their liability pursuant to the Limitation of

Liability Act, 46 U.S.C. § 30501, *et seq.*, the Federal Rules of Civil Procedure, the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

        Respectfully submitted:

        ***/s/ Gavin H. Guillot***
        Gavin H. Guillot, T.A. (#31760)
        Jonathan D. "J.D." Parker (#35275)
        **PUSATERI, JOHNSTON, GUILLOT &**
        **GREENBAUM, LLC**
        1100 Poydras Street, Suite 2250
        New Orleans, LA 70163
        Telephone: 504-620-2500
        Facsimile: 504-620-2510
        Gavin.Guillot@pjgglaw.com
        Jonathan.Parker@pjgglaw.com
        **ATTORNEYS FOR J. SERCOVICH, LLC**
        **AND ABR LOGISTICS, LLC**