UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENDRELL JONES<br>AND QUINN JOSEPH | CIVIL ACTION |
| VERSUS | NO. 24-332<br>C/W: 24-696 |
| ABR LOGISTICS, LLC ET AL. | SECTION: "J"(5) |

Applies to: 24-332, 24-696

## ORDER AND REASONS

Before the Court are a *Motion to Strike Jury Demand* **(Rec. Doc. 18)**, filed by Plaintiffs Kendrell Jones and Quinn Joseph, and an opposition thereto (Rec. Doc. 23), filed by Defendants J. Sercovich, LLC and ABR Logistics, LLC (collectively, "MISS WYNTER Interests"). Having considered the motion, the legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This suit arises out of an allision by the M/V MISS WYNTER that caused Plaintiffs to fall from their seats and suffer injury. Plaintiffs were both galley hands, being transported by the M/V MISS WYNTER to their work on a fixed platform. The vessel was owned by Defendant J. Sercovich, LLC and operated by Defendant ABR Logistics, LLC. Plaintiffs raise their action under general maritime law, the Longshore Harbor Worker's Compensation Act, and Louisiana state law, "bring[ing] this suit pursuant to the 'saving to suitors' clause of the United States Constitution"

1

and designating it as one in admiralty and maritime. (Rec. Doc. 1-1 at 3 ¶ 4).

Filed in state court, the action was removed to federal court pursuant to the Outer Continental Shelf Lands Act ("OCSLA"). In its Notice of Removal, ABR highlights Plaintiffs' assertion that they were injured in the course and scope of their employment as platform galley hands. The MISS WYNTER Interests additionally bring their own limitation action, a matter consolidated to the original claim.

In their February 2024 Answer to Plaintiffs' Petition, the MISS WYNTER Interests requested a trial by jury. (Rec. Doc. 4 at 10–11). Plaintiffs now move to strike the jury demand. The MISS WYNTER Interests oppose.

## **LEGAL STANDARD**

A plaintiff pursuing an admiralty claim has two options: to proceed "in admiralty" in federal court or to proceed "at law" through available common law remedies. *See Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1487 (5th Cir. 1992). The chosen option narrows jurisdictional possibilities and, in turn, creates choice of law consequences. *See* THOMAS J. SCHOENBAUM, 1 ADMIRALTY & MAR. LAW § 4:2 (6th ed.) ("Since the common law is competent in all cases where the suit is *in personam,* a plaintiff in such causes may elect either to proceed in admiralty or to bring an ordinary civil action, with trial by jury, either at law in state court or in a federal district court under federal diversity jurisdiction (or some other basis of federal jurisdiction)."); *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 586 (5th Cir. 1983) ("Numerous and important consequences flow from whether a district court treats a case as falling under admiralty or [separate

federal] jurisdiction."). If a plaintiff brings an action on the admiralty side of the court, "not only must he sue in federal court but he must also designate his federal claim as 'an admiralty and maritime claim'". *Linton*, 964 F.2d at 1487 (citation omitted). The intent to proceed "in admiralty" is most clearly expressed through a Rule 9(h) designation in the federal complaint. FED. R. CIV. P. 9(h) (explaining "the pleading may designate the claim as an admiralty or maritime claim"). Even without an express 9(h) designation, however, a claim in the federal pleading may be presumed to be "in admiralty" if admiralty jurisdiction for the claim is cited alongside other federal jurisdictional bases. *Luera v. M/V Alberta*, 635 F.3d 181, 190 (5th Cir. 2011) (discussing *Durden v. Exxon Corp.,* 803 F.2d 845, 849 (5th Cir.1986); *T.N.T. Marine,* 702 F.2d at 588). When a plaintiff elects to proceed in admiralty, neither party is entitled to a trial by jury. *T.N.T. Marine*, 702 F.2d at 587.

The calculus changes if a plaintiff proceeds "at law." The "saving to suitors" clause in 28 U.S.C. § 1333 provides a maritime plaintiff with available common law remedies for *in personam* actions in either state or federal courts. *See* ARTHUR MILLER, 14A FED. PRAC. & PROC. JURIS. § 3672 (4th ed.). The saving to suitors clause, thus, affords a maritime plaintiff protections over their litigation choices. *See* SCHOENBAUM, 1 ADMIRALTY & MAR. LAW § 4:2 ("The intention of the drafters of the Judiciary Act, therefore, was to make clear that admiralty 'suitors' would not be second-class litigants in the United States. Rather admiralty suitors should have full access to common law remedies if they so choose."). Nonetheless, where a saving-to-suitors plaintiff files his action "at law" in state court, a defendant may remove if

3

there is an independent basis for federal jurisdiction. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013). As the Supreme Court has long described the impact of the clause, "It is not a remedy in the common-law courts which is saved, but a common-law remedy." *The Moses Taylor*, 71 U.S. 411, 431 (1866); *see also Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996).

Although a hallmark common law protection, "a jury trial is not a required element of a 'saving to suitors' remedy." *Linton,* 964 F.2d at 1487. Thus, a party raising a claim "at law" does not convert the action into a suit "in admiralty" by choosing to proceed without a jury. *Id.* ("A non-jury trial in state court is not, in and of itself, offensive to the general maritime law[.]").[1] When a case is removed, its filing "at law" places the action on the "law side" of the federal court, and "as a consequence

---

[1] Louisiana's legislative history on this procedural issue drives home the point. From 1988 to 1999, the Louisiana Code of Civil Procedure permitted a maritime plaintiff to bring his action as a nonjury matter by designating it "[a] suit on an admiralty or general maritime claim under federal law that is brought in state court under a federal 'saving to suitors' clause, if the plaintiff has designated that suit as an admiralty or general maritime claim." La. Code. Civ. Proc. art. 1732(6) (repealed 1999). Through the repeal of the provision, the legislature sought to afford defendants an equal remedy of a jury trial, eliminating a plaintiff's sole authority to select the tier of fact. *See* An Act to Amend and Reenact Code of Civil Procedure Article 1732, S.B. 832, 1999 Sess. at 3:28:52 to 3:31:33 (La. 1999) (statement of Rep. Ronnie Johns), https://house.louisiana.gov/H_Video/VideoArchivePlayer?v=house/1999/jun/0602_99_ Day45_1999RS_ P2; *Hahn v. Nabors Offshore Corp.*, 2002-0084 (La. App. 3 Cir. 6/26/02), 820 So. 2d 1283, 1285, *writ denied*, 2002-2091 (La. 11/1/02), 828 So. 2d 575 ("The house and senate minutes of April 1999 on the issue indicate that the intent of the deletion was to repeal the prohibition of jury trials in certain admiralty or maritime cases."). After the repeal, the general jury-demand rules applied in maritime cases filed in Louisiana state court. *See Spencer v. State ex rel. Dep't of Transp. & Dev.*, 2003-0539 (La. App. 1 Cir. 8/11/04), 887 So. 2d 28, 33; La. Code Civ. Proc. art. 1733(C) ("The pleading demanding a trial by jury shall be filed not later than ten days after either the service of the last pleading directed to any issue triable by a jury, or the granting of a motion to withdraw a demand for a trial by jury."). In sum, a maritime action in Louisiana state court may be tried before a jury or judge, and that designation has no effect on the action being raised "at law." *See Linton*, 964 F.2d at 1487 (internal quotations omitted) ("[A] statutory provision for a non-jury trial, in and of itself (absent any pretense at *in rem* proceedings), does not constitute an attempt to create an admiralty side of state court which can have no constitutional foundation."); *see also Kidd v. Zapata Haynie Corp.*, No. 90-4274, 1990 WL 211482, at *1 (E.D. La. Dec. 14, 1990) (Feldman, J.) ("[T]he plaintiff's invocation of Louisiana Civil Procedure Article 1732(6) does not transform his 'savings to suitors' Jones Act and General Maritime claim into an action within the exclusive admiralty jurisdiction of the federal courts.").

4

. . . not in the federal admiralty court's jurisdiction." *Lejano v. Soriamont S.S. Agencies, Inc.*, 33 F. App'x 704, 2002 WL 432655, at *2 (5th Cir. 2002) (quoting *Alleman v. Bunge Corp.*, 756 F.2d 344, 345 (5th Cir. 1984)); *see also Kidd v. Zapata Haynie Corp.*, No. 90-4274, 1990 WL 211482, at *2 (E.D. La. Dec. 14, 1990) (Feldman, J.) ("When a plaintiff brings an admiralty or maritime action in state court, it goes without saying that he does not intend to bring an [sic] suit before a federal court sitting in admiralty[.]"). If, despite the state court filing, a plaintiff sought to assert a purely admiralty claim, he could clarify his intention through an objection to the jurisdictional basis or by a post-removal notice of Rule 9(h) designation. *Lejano*, 2002 WL 432655, at *2. (citing *Bodden v. Osgood*, 879 F.2d 184, 186 (5th Cir. 1989)). If, however, a plaintiff fails to invoke the court's admiralty jurisdiction and an alternative ground for federal jurisdiction exists, the defendant has a right to demand trial by jury through a responsive pleading or other timely filing. *See* FED. R. CIV. P. 38.

## DISCUSSION

Plaintiffs move to strike the MISS WYNTER Interests' jury demand. The motion arrives sixteen months after the filing of suit and fifteen months after federal removal. Most significantly, the MISS WYNTER Interests filed their Answer, with a jury demand, on February 12, 2024.

Plaintiffs chose to proceed "at law" in state court. That they made no jury demand within their pleadings or otherwise during the case's brief presence on docket of the 25th Judicial District Court for the Parish of Plaquemines is of no moment. As

previously explained, a party raising a claim "at law" does not convert the action into a suit "in admiralty" by choosing to proceed without a jury. *Linton,* 964 F.2d at 1487. By filing their action in state court, Plaintiffs clarified any possible pleading ambiguities: they intended to make use of common law remedies through the saving to suitors clause. For the federal court receiving a saving-to-suitors action through removal, "The only remaining inquiry is whether any other basis for removal jurisdiction exists." *Kidd*, 1990 WL 211482, at *3. Here, parties do not dispute that OCSLA provides independent, federal question jurisdiction for the action. After the proper removal, the MISS WYNTER Interests timely requested trial by jury for all claims other than vessel limitation.

Sixteen months into this litigation, Plaintiffs now seek to alter their "at law" election. Having concluded that the MISS WYNTER Interests have a right to jury trial in this case, the Court examines whether Federal Rule of Civil Procedure 39 permits Plaintiffs to preclude trial by jury with the instant motion to strike. According to Rule 39, once the jury demand has been made, a court may move the action to its nonjury docket only with the consent of the parties *or* upon determining that no right to jury trial actually exists. *See* FED. R. CIV. P. 39. As expressed above, the MISS WYNTER Interests indeed have a right to jury trial in this case.

Further, in the face of the MISS WYNTER Interests' Seventh Amendment right to a jury, Plaintiffs lack a countervailing constitutional right to a nonjury trial for their admiralty claims; it is custom, rather than the Constitution, that provides for nonjury trials for maritime or admiralty claims. *Fitzgerald v. U.S. Lines Co.*, 374

U.S. 16, 20 (1963) (noting that neither the Constitution nor statute forbids jury trials in admiralty cases); *Luera*, 635 F.3d at 193–94, 196 (same). With the exception of core vessel limitation issues—which are reserved to the Court—all claims in this consolidated matter will be tried by a jury.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Strike Jury Demand* **(Rec. Doc. 18)** is **DENIED**.

New Orleans, Louisiana, this 23rd day of May, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE